IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION
Case No. 2:00-0020

In the Matter of the Complaint of
Shelly Materials, Inc. as Owner of the
M/V DIRK TAYLOR, Official No. 608017,
for Exoneration From or Limitation of Liability

**FILED**

DEC 2 2 2000

SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

---

## WILLIAM JOSEPH DAPPER AND KATHY JENNE'S
## MOTION TO COMPEL DISCOVERY

---

### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Attached as Attachment 1 is the November 16, 2000 letter by Scott Stewart.

On November 28 and November 29, 2000, these requests were repeated and defense counsel, Spivey Gault, indicated and promised he would provide the answers. This was done at the last set of depositions taken November 28 and 29 as had been requested earlier.

### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Attached as Attachment 2 is Dapper and Jenne's Second Request for Production of Documents issued on September 1, 2000, which is the subject of the November 16, 2000 follow-up letter.

William Joseph Dapper and Kathy Jenne respectfully request that the Court order in addition to the two depositions that Shelly Materials produce the following

5&

both itemized in the Second Request for Production of Documents and also in the November 16, 2000 letter:

(These are listed by the same number used in the Second Request for Production of Documents, which is the same format followed in the November 16, 2000 letter.)

1) These have not been produced to date.

2) The master license limited to Jack Shiflet.

3) To supplement the log already produced for September 2, 3, 4, 5, and 6, they did not produce the log for 30 days before William J. Dapper's injury before and 30 days after.

4) This boat has an OSHA violation specifically the railing on the pilothouse roof, which is not 36 inches, but instead is 12 inches. There was one safety inspection checklist done on September 1, 1999, and there were requested the safety inspections for the year before and 30 days after, none of which has been produced to determine if Shelly Materials knew of the violation.

5) Shelly Materials produced Exhibit 4 of the Manual of Safety Practices and Procedure revised January 1, 1999. This request requested that manual in its revisions that existed before that and since the Dirk Taylor was owned and its current revision.

6) These were not produced.

7) They have not been produced.

2

9) There was oral testimony that tool box and safety meetings were held, but they have not produced the documents.

10) They have not been produced.

11) They have not been produced.

12) Oral testimony that there were no drug or alcohol tests has been provided, but there is nothing in writing to confirm that so we need a response to this.

13) They did produce the Marine Accident Injury or Death Form as Exhibit 3. We simply need to confirm this is the entire document or to produce any additional documents.

14) They did not produce the annual or periodic drug tests, which are required in their safety manual.

15) They have not produced these documents.

16) This is a critical element. We are requesting the payroll records. During the Regatta, there was oral testimony that Terry Mills and Jack Shiflet were paid on September 2, 3, 4, 5 and 6. We asked for documents to be produced to determine exactly what hours they were paid, their oral testimony is not adequate. This has to be confirmed by their written material.

19) This must be produced.

21) We simply requested the training that was done for the three employees plus Dennis Taylor who were in Charleston. None of these documents have been produced.

3

24) This is critical.   They must provide written documentation.   The testimony is that Shelly Materials purchased the beer, the exact amount and the type of alcohol purchased to confirm the oral testimony must be provided.   There is a controversy about the amount.

25) This is a critical document.   The case involves the abuse of alcohol, both by employees of the Shelly Materials who were standing watch and also by William Joseph Dapper.   The Coast Guard rule was either provided to their employees or it is not and they must respond to this.

### THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Attached as Attachment 3 is our Third Request for Documents.

1.   We requested the personnel file of Jack Shiflet and we do not have it. Chad Schuler was an employee and he also jumped from the top of the pilothouse and we asked for his personnel file and it has not been produced.  We also asked for the personnel file for Terry Mills and Dennis Taylor.  Terry Mills was the deck hand and was jumping off of the boat and Dennis Taylor was at the scene and purchased the beer.

2.   This is our second request for the payroll records for every employee who was at the Charleston, West Virginia area at the time of the Regatta, which persons were there and being paid, therefore, in the course and scope is incredibly important.

3.   Terry Mills was the deck hand who was jumping off of the Dirk Taylor. There is a rule that requires no horseplay.   He acknowledged that there is no

jumping allowed off the boat.   What training he received or did not receive is absolutely mandatory so we can determine what company rules were violated, what procedure, and in essence, liability supplemented by those rules and procedures.

4 through 9.  None of these have been produced.

### DEPOSITIONS

William Joseph Dapper and Kathy Jenne also request the deposition of the brother of Dennis Taylor, whose name is Kevin Taylor, who was on board the Dirk Taylor along with his girlfriend whose name still has not been produced.

A telephone deposition was to be taken of Bob Mill, who was identified by Dennis Taylor in his deposition taken September 5, 2000, page 126, as having been given permission to allow the use of alcohol on board the Dirk Taylor during the Charleston Regatta.

The second deposition was to take place of Jim Board.

### CONCLUSION

All of these requests were done well in advance of the end of discovery, and that there was a promise given the last two days at the end of discovery to provide this information and depositions.  Instead, there was no response and a Motion for Summary Judgment with obviously no intent to respond now.  Dapper and Jenne respectfully request that the Court extend the discovery deadline and compel Shelly Materials to respond to each of these requests.

RESPECTFULLY SUBMITTED, this _20_ day of December, 2000.

WINTER, JOHNSON & HILL, P.L.L.C.
Nancy C. Hill
P. O. Box 2187
Charleston, WV  25328-2187

STEWART AND DeCHANT CO., L.P.A.
Attorneys for William Joseph Dapper and
Kathy Jenne

By: _____
Scott E. Stewart
1370 Ontario Street, Suite 1440
Cleveland, OH  44113-1701
(216) 781-2258
(216) 781-8210 FAX

## PROOF OF SERVICE

The foregoing Motion to Compel Discovery has been served, by regular U.S. mail, on this _20_ day of December, 2000, upon:

David Givens, Esq.
Flaherty, Sensabaugh & Bonasso
P.O. Box 3843
Charleston, WV  25302

E. Spivey Gault, Esq.
Gault, Marshall & Miller
P.O. Box 30
Paducah, KY  42002-0030

_____
Scott E. Stewart (0015022), Counsel

6

# STEWART AND DECHANT CO., L.P.A.
## ATTORNEYS AND COUNSELORS AT LAW
### THE STANDARD BUILDING
1370 ONTARIO STREET, SUITE 1440
CLEVELAND, OHIO  44113-1701

LAWRENCE E. STEWART*
THOMAS H. DECHANT
FRED WENDEL III
SCOTT E. STEWART*
SAMUEL V. BUTCHER
LAWRENCE C. DAVISON

OF COUNSEL
PAUL S. SANISLO

*Board Certified Civil Trial Advocate

TEL - (216) 781-2258
FAX - (216) 781-8210
E-MAIL - INFO@STEWARTDECHANT.COM

November 16, 2000

E. Spivey Gault, Esq.
Gault, Marshall & Miller, PLLC
P. O. Box 30
Paducah, KY  42002-0030

> Re: In the Matter of the Complaint of
> Shelly Materials, Inc. as owner of the
> M/V Dirk Taylor, Official No. 608017,
> for Exoneration from or Limitation of
> Liability, U.S. District Court, Southern
> District of WV, Charleston Division,
> Case No. 2:00-0020
> My Client:  William J. Dapper

Dear Mr. Gault:

Prior to filing a Motion to Compel, I ask you to reverse your objections and provide me the documents and discovery relating to the following:

    A..    Second Request for Production of Documents.

        1.    The written agreements are essential.

        2.    You have produced the master license for Mr. Taylor, but not Mr. Shiflet.

        3.    You produced the log for the Dirk Taylor for September 2, 3, 4, 5 and 6, but not for the 30 days before and the 30 days after.

        4.    You have not produced the safety inspection checklist for the Dirk Taylor for the year previous or 30 days before.

        5.    You have not produced the current revision or advised whether there was one since January 1, 1999, and you have not produced any manuals for the practices and procedures since your clients owned the Dirk Taylor.  It is essential to determine what changes existed so that I may determine why.

ATTACHMENT 1

2

6.      You have not produced any documents nor advised that you did not produce any safety materials.  You have to advise me one way or the other; either that you did and what it is and then produce it, or that you didn't.

7.      If you have no applicable safety and health standards, you must advise you don't have any or if you do, produce them.

8.      The oral testimony is that there were no signs or documents available for use in traffic control.  This letter will confirm that is the official company position.

9.      Oral testimony was that there were tool box and safety talk meetings and those procedures were to be produced and they were not.

10.     You must advise either there was no accident or incident investigation or produce the documents relating to it.

11.     The oral testimony was that as a result of this trip, there was not a single safety violation provided to any member of the crew, pilot master or mate.  This confirms that.  If this is inaccurate, you must produce those documents immediately.

12.     Oral testimony in the 30(B)(5) motion was that there were no drug or alcohol tests by the crew.  This confirms that.  If this is inaccurate, you must produce those.

13.     Your report of marine accident, injury or death in its full compliment is Exhibit 3.  If there is anything in addition, you must produce it.  Otherwise this confirms that.

14.     You have produced no periodic drug tests or tests on an annual basis.  There was no testimony on whether this had or had not been done.  You must advise that these were not done or produce them.

15.     You have not produced this.

16.     This has been asked in more than one form and has been objected to in the third response.  Terry Mills and Jack Shiflet testified that they were both paid for September 2, 3, 4, 5 and 6.  You must, however, produce all of the documents regarding those payments including what hours they were paid, what date, and whether those hours were related or were not related to a particular time of the day.  They testified they were not.  That is not adequate.  Their testimony has to be confirmed by the written material.  I have a right to test the accuracy of what their testimony is by having this produced.

17.     This was withdrawn.

3

18.    This confirms there was no rules or instructions relating to visitors, guests or novices who came on board the vessel.  If that is inaccurate, please produce them.

19.    These documents have not been produced.  Confirm you do not have any or produce them.

20.    You do not contend that this is a boat for hire.  This confirms that. There are no documents.  If this is incorrect, you must produce the documents immediately.

21.    I specifically requested the training that was provided to Mr. Shiflet and those training materials and also the training that was provided to Mr. Mills and those materials.  They have not been produced and they need to be.

22.    This confirms you have no discipline documents with regard to either of those two safety rules.  If this is inaccurate, produce those documents.

23.    You have not produced any documents.  This confirms you do not have any.  If that is not true, produce them immediately.

24.    You still have not produced the purchase receipts for the beer or alcohol, which you have had various employees testify was placed on board the vessel.

25.    You must produce this material or indicate there is no such documents that you provide to any of your clients' employees in writing advising them of this rule.

26.    This was withdrawn or the answer is no.

With regard to the Third Request for Production of Documents, you have filed a response which is other than the 30(B)(5) depositions.  Prior to filing a Request to Produce Documents, in your objection, you did not object to producing the personnel file of Jack Shiflet.  I still do not have it.  You objected to Chad Schuler's personnel file and said it is not relevant.  I have his statement.  He was a witness to this event.  He was an employee at the time he was there and he was jumping off the top of the boat.  I certainly have and am entitled to his personnel file as his conduct on the scene is a basis for your liability.  The same is true for Terry Mills and Dennis Taylor, who actually purchased the beer.  Just because I deposed Dennis Taylor, does not mean I don't have an entitlement to his personnel file.  His conduct is in direct issue.  He is a defendant.  His personnel file is entirely at issue.

2.    The third request to item 2 is duplicative of the previous request, only it is more specific.  The reason for the request is identical to what I indicated above.  I am entitled to and you must produce the pay records.  Just as one example, you are trying to claim that this boat was out of service, while at the same time paying Terry Mills and

4

Captain Shiflet during the entire time the boat was in Charleston.  You can't have your cake and eat it too, and I am entitled to the best document to show that they were paid and how much and that includes the payroll records and the hours that are reflected on them, or if no hours, the general nature of it.

In addition, you had other employees at the Charleston, West Virginia weekend and I should have an opportunity to learn whether they were being paid at the time without having to depose each one of them to determine that.

I also have a right to confirm what they testified to as it relates to Terry Mills and Captain Shiflet specifically to the amount of hours they were paid and what.

3.      It is absolutely mandatory that I receive the training material that Terry Mills was used to train with.  There was testimony that a packet came you're your client and what was in that packet is essential.  Your client's company has rules and procedures and a basis of the liability is the potential violation of those rules and procedures and it is absolutely essential to obtain the rules and procedures.

4.      You didn't respond to items 4 through 9 and these must be produced. You have produced item 9 to my knowledge.  Item 9 for the photographs taken during the Regatta by employees and employees' spouses has not been responded to, although you did advise and we both have copies of all the pertinent prints by the Regatta Photographer and the photos that you took and also I produced the photos that I took.

Prior to the running of the discovery and without prejudice relating to the follow up that needs to be done as a result of your answering the outstanding discovery, we need to take one additional trip to Charleston for depositions.  I am lining up those individuals as we speak or generally speaking additional policemen, firemen and people on the DNR boat.  The days I am looking to do this are November 27, 28, 29, 30 and December 1 probably 2 days of those 5.  I will assume your availability on all those days and will starting issuing the subpoenas immediately unless you advise that one or more of those are unavailable.

In addition, I wish to depose Steve Taylor, his girlfriend, Jill and the owner/ boss that Mr. Taylor testified he asked permission to have beer on board for the Regatta. Please provide me the convenient date and location for these depositions (I will do the bosses depo in Ohio if he wishes) they would have and/or their address.

Sincerely,

Scott E. Stewart

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION
Case No. 2:00-0020

In the Matter of the Complaint of
Shelly Materials, Inc. as Owner of the
M/V DIRK TAYLOR, Official No. 608017,
for exoneration From or Limitation of Liability

_____

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SHELLEY MATERIALS, INC., DENNIS TAYLOR AND JACK SHIFLET

_____

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs, by and through counsel,

request the following items be produced.  Defendants are to refer to the instructions and

definitions in plaintiffs' first discovery requests.

### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

(1)    All written agreements between employees of Shelly Materials and the owner and operator of Dirk Taylor.

(2)    Each master and mates license for Dirk Taylor.  Generally, there are more than one master and more than one mate per vessel.  Sometimes they have various shifts.  Therefore, for the year that preceded Plaintiff's injury and for the time of Plaintiff's injury, produce each master and each mate license for every master and mate of that vessel.

(3)    You produced the deck log, which you called "the reserve transportation log" for the Dirk Taylor for September 2, 3, 4, 5 and 6, 1999.  I need the original of that log at the time of the depositions, and I need the carbon or copies of that log from every location it is kept by any of the defendants for those dates.  In addition, I need, at the deposition, the original log for 30 days before and 30 days after September 1, 1999.

(4)    You produced the safety inspection checklist for the Dirk Taylor done on September 1, 1999.  I need any such inspections for the year previous and the inspections that were done for the 30 days following this injury.

(5)    You produced the Shelly Company's and Subsidiaries Manual of Safety, Practices and Procedures, Revised 1-1-99 (called manual hereafter).  Please produce the original of that at the time of the depositions.  Please produce the current revision if there has been one since January 1, 1999

ATTACHMENT 2

and each Manual of Safety, Practices and Procedures since the company owned or operated the Dirk Taylor.

(6)     With respect to the manual, on page 5, it states that each subsidiary is to have a safety representative appointed by the safety committee to conduct safety meetings, to report accidents to the safety committee, to attend required safety training, to distribute safety materials and information, complete with documentation.  Please produce all documents for the year before and the month after if it related to those rules.

(7)     In that same set of rules in the manual, under page 5, supervisory section, subpart (B), it says that all workers must comply with applicable safety and health standards and rules of conduct.  Produce all those applicable safety and health standards as it relates to both the barge and the Dirk Taylor.

(8)     At the time of the inspection and/or the depositions, produce any and all signs and documents that were available for use and/or were used for traffic control on the Dirk Taylor, that is, the locations, if any, that were restricted for use by the crew or the captain, all documents that would reflect where those were placed on any of the days in the log that you produced.

(9)     On page 13 of the Manual of Safety, Practices and Procedures, Item (VIII), Toolbox Meeting and Safety Talks, reflects that to ensure safety practices and policies are followed that safety meetings on the job are necessary.  Produce any and all documents that relate to any safety meetings for the year before and the once after Plaintiff's injury as well as on the date of Plaintiff's injury.

(10)    Under page 13 of the Manual of Safety, Practices and Procedures, Item IX, Accidents/Incidents, Item C says that an accident/incident investigation is required and the elements of that are described on pp. 14, 15 and 16, the purpose of which, amongst others, is prevention of recurrence.  Produce any and all documents with regard to any accident or incident reports and/or investigations that were performed, either as a result of that rule, or as a part and portion of that rule.  Do that as well for any other incidents that occurred at any other Regatta

(11)    Under the Manual of Safety, Practices and Procedures, page 16, Item X, Safety Violations, there is a written warning for a first and second offense and disciplinary action for the third offense.  As a result of the trip that is documented in the log and/or Plaintiff's injuries, please produce any and all documents with regard to any safety violations that were provided to any member of the crew or the pilot, master or mate.

(12)    Under the Manual of Safety, Practice and Procedures, Item XIII, pp. 18, 19, 20 and 21 (in part), the policy for Substance and Alcohol Abuse, and in

addition to that, there is a requirement after an incident based on Coast Guard Rules and Regulations, that there are drug and alcohol tests done to any crew immediately after Plaintiff's injuries in addition to your own requirements.  Produce all of those drug and alcohol tests for any member of the crew of the Dirk Taylor.

(13)     Produce Coast Guard Form CG2692/924E where it is required that there be, within 48 hours, a notification to the Coast Guard.

(14)     Also, required under law and or your manual, is a periodic drug test, on an annual basis.  Produce all of those drug tests for any members of the crew for the year before and the month after and the date of Plaintiff's injury.

(15)     Please produce any and all documents that would reflect all of the crew that were assigned to the Dirk Taylor for the month before September 2, 1999, for September 2, 3, 4, 5, and 6, 1999, and for the month after.

(16)     As it relates to Perry Mills and Jack Shiflet, who were identified under the Reserver Transportation Laws, produce any and all documents that would reflect their pay for the dates September 2, 3, 4, 5 and 6, 1999, and in addition, for the pay provided to Jim Board on September 5 and 6, 1999.

(17)     With regard to the Reserve Transportation Log, there are identifications made in the charts.  For example, on the 4th watch on September 2, 1999, the position at 6:01 is southbound on the Ohio River, Mile 246.  Please produce the charts, or copies of the charts, that were used to make entries into the Reserve Transportation Logs for the dates September 2, 3, 4, 5 and 6, 1999.

(18)     If you contend that you have any rules or instructions that are provided to any visitors, guests or novices who come on board the vessel, produce all documents with regards to those that were in effect on the day of Plaintiff's injury or for the year before or for one month after.  This would include the release you require I sign before I board to do the inspection.

(19)     The spirit of your manual you required all your employees to provide notice of what they believe needs to be changed (anything) that would make any of your company vehicles, including the barge and/or the Dirk Taylor, safer.  Please produce any and all documents that were regarded for the year before, what was considered by anybody as any unsafe condition or unsafe practices on board the vessel and/or reports of the same for the month after the injury or the date of the injury.

(20)     If you contend that this is a "boat for hire" produce any and all documents you have with regard to rules for collecting sums for the passengers that would be brought on for hire for the year before the date of the injury and the month after.

3

(21)  Please produce any and all documents that would record the training provided limited to only those of your employees who were in the Charleston area, either on board the barge or the vessel, on the dates listed in the log that you produced.  This is all their training to the extent it is in written of visual form

(22)  Your manual on page 7 indicate that employees are to avoid practical jokes and horseplay as they can cause accidents and are prohibited and that alcohol or other drugs are prohibited during working or meal hours and that employees working under the influence will not be allowed to work and are subject to disciplinary measures.  Either for this incident or for the year before and the month after, produce any and all documents for anybody associated with either the barge or the Dirk Taylor that was disciplined as a result of either of those two general safety rules.

(23)  In the manual in the Employee Section 5, page 6, there is a rule that indicates that employees are to be alert for hazards and to report unsafe conditions to your supervisor immediately.  As it relates to either the barge or the Dirk Taylor, for the date of Plaintiff's injury, the month before or the month after, please produce any and all documents that would reflect any such reports.

(24)  On page 18, Item XIII of the Substance Abuse Program, Policy No. 1A states that employees shall not possess, sell or use alcohol, controlled substances or illegal drugs while on the job or on company property or in company vehicles or machinery.  Produce any and all documents that would reflect the purchase of any beer or alcohol in preparation for the trip, during the trip set forth in the logs that you produced in response to our request for production of documents between September 2 and 6, 1999. This would include bills or receipts and locations where such purposes were made or costs or reimbursements to any employees, crew members, master or pilot.  Produce all documents with regard to the discipline as a result of any violation for any of your employees as a result of that.

(25)  The Coast Guard has a procedure and/or a rule where no master or member of the crew is permitted to have alcohol within six hours of their watch.  Please produce any and all documents that reflect that you provided these materials to your employees, in writing, for the year before, the date of the accident and the month after.  Produce any and all documents with regard to the enforcement of that, including any discipline that was provided for anybody on board or showed up for watch on either the barge or the Dirk Taylor for the year preceding or the month after the event or on the day of Plaintiff's injury.

(26)  If you are a member of the National Safety Council, produce any and all documents that they provide with regard to safety on board the Dirk Taylor

4

and/or the barge for the year before, the date of or the month after the date of the injury.

(27)   Produce your insurance policy.

Respectfully requested,

STEWART AND DeCHANT CO., L.P.A.
Attorneys for Plaintiffs
The Standard Building
1370 Ontario Street, Suite 1440
Cleveland, Ohio  44113-1701
(216) 781-2258
(216) 781-8210 - FAX

_____
Scott E. Stewart (0015022) Counsel

## PROOF OF SERVICE

The foregoing Plaintiffs' Second Request for Production of Documents to Defendants, Shelly Materials, Inc., Dennis Taylor and Jack Shiflet has been served on this 1st day of September, 2000, upon:

> David Givens, Esq.
> Flaherty, Sensabaugh & Bonasso
> P.O. Box 3843
> Charleston, WV  25302
>
> E. Spivey Gault, Esq.
> Gault, Marshall & Miller
> P.O. Box 30
> Paducah, KY  42002-0030

> STEWART AND DeCHANT CO., L.P.A.
> Attorneys for William Joseph Dapper
> The Standard Building
> 1370 Ontario Street, Suite 1440
> Cleveland, Ohio  44113-1701
> (216) 781-2258
> (216) 781-8210 – FAX

_____
                    Scott E. Stewart (0015022), Counsel

6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION
Case No. 2:00-0020

In the Matter of the Complaint of
Shelly Materials, Inc. as Owner of the
M/V DIRK TAYLOR, Official No. 608017,
for exoneration From or Limitation of Liability

---

## PLAINTIFFS', WILLIAM JOSEPH DAPPER AND KATHY JENNE'S, SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SHELLEY MATERIALS, INC., DENNIS TAYLOR AND JACK SHIFLET

---

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs, by and through counsel, request the following items be produced. Defendants are to refer to the instructions and definitions in plaintiffs' first discovery requests.

### THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

(1)     Produce the personnel files of the following individuals:

      a)     Denny Paul;

      b)     Larry Shively;

      c)     Larry Frye;

      d)     Jack Shiflet;

      e)     Jim Board;

      f)     Terry Mills;

      g)     David Banks;

      h)     Don Kapp;

      i)     Tim Nibert;

      j)     Denny Taylor;

      k)     Kevin Taylor;

ATTACHMENT 3

l)      Michael Gard;

m)     Jim Rank;

n)      "Chad";

o)      "Monkey"; and

p)      Chad Schuler;

(2)     Produce the payroll records for every employee in the Charleston, West Virginia area on the weekend of the Regatta when the plaintiff was hurt so that the plaintiff can determine whether any of those employees were paid and what hours they worked during the weekend for which they were paid. Therefore, produce all records that would relate to or have any ability to show that.

(3)     Produce a duplicate packet provided to Terry Mills when he started his employment and any and all training material received thereafter that would relate to his job as a deck hand. Terry Mills testified that a packet came from Thornbill. Please reproduce that packet with copies of any letters that were included in it. Produce the same exact material for Jack Shiflet, Chad Schuler, David Banks and Dennis Taylor.

(4)     In Dennis Taylor's deposition, he discussed that there would be an inspection on a once-a-year basis by the insurance company. Please produce all documents with regard to any inspections limited to the party barge and the Dirk Taylor.

(5)     Produce any and all documents that would show the number of life jackets that were picked up and placed on the barge and then taken off the barge and then given back to AEP for the trip to the Regatta during which the plaintiff was hurt.

(6)     Produce all documents that would show when the Dirk Taylor was painted, what portions of it were painted, what the paint was that was put on the Dirk Taylor for the two previous occasions that it was painted.

(7)     Produce all documents for the party barge that you purchased and include as well all documents that would show its cost and/or value since you owned it. Produce that material including any and all inspections of the party barge, anything that would relate to its value or purchase price, including any liens that were ever placed on it or the cancelation of any liens.

(8)     Produce any and all documentation that would confirm that Bob Mill had provided permission for the use of alcohol aboard the vessel and the

purchase of alcohol for use on either the party barge or the Dirk Taylor, which was called the vessel above.

(9)     Produce any photographs that were taken during the Regatta by any of the employees or employees' spouses limited to the Regatta at which plaintiff was injured.

Respectfully requested,

STEWART AND DeCHANT CO., L.P.A.
Attorneys for Plaintiffs
The Standard Building
1370 Ontario Street, Suite 1440
Cleveland, Ohio  44113-1701
(216) 781-2258
(216) 781-8210 - FAX


_____

Scott E. Stewart (0015022) Counsel

## PROOF OF SERVICE

The foregoing Plaintiffs, William Joseph Dapper and Kathy Jenne's, Third Request for Production of Documents to Defendants, Shelly Materials, Inc., Dennis Taylor and Jack Shiflet has been served on this _____ day of September, 2000, upon:

> David Givens, Esq.
> Flaherty, Sensabaugh & Bonasso
> P.O. Box 3843
> Charleston, WV  25302
>
> E. Spivey Gault, Esq.
> Gault, Marshall & Miller
> P.O. Box 30
> Paducah, KY  42002-0030

> STEWART AND DeCHANT CO., L.P.A.
> Attorneys for William Joseph Dapper
> The Standard Building
> 1370 Ontario Street, Suite 1440
> Cleveland, Ohio  44113-1701
> (216) 781-2258
> (216) 781-8210 – FAX

_____

Scott E. Stewart (0015022), Counsel

4